# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KEITH W. LEFLORE, SR., <br><br> Plaintiff, <br><br> v. <br><br> AURORA POLICE DEPT., OFFICER JEREMIAH SHUFELT, <br><br> Defendants. | No. 17 C 00461 <br><br> Judge Mary M. Rowland |

## MEMORANDUM OPINION & ORDER

Plaintiff, Keith W. Leflore, Sr., brings this civil rights action pursuant to 42 U.S.C. § 1983 against Officer Jeremiah Shufelt and the Aurora Police Department.[1] Defendant Shufelt has filed a motion to dismiss. For the reasons stated below, Defendant Shufelt's motion [48] is granted.

## BACKGROUND

At the motion to dismiss stage, the Court accepts all well-pleaded factual allegations in the complaint as true and draws all inferences in Plaintiff's favor. *Cole v. Milwaukee Area Tech. Coll. Dist.*, 634 F.3d 901, 903 (7th Cir. 2011). According to Plaintiff's earlier state case, the Aurora Police Department received a tip that Leflore was committing burglaries on the west side of Aurora in April of 2009. *People v. Leflore,* 2015 IL 116799, 392 Ill. Dec. 467, 469 (2015). In response to the tip, Officer

---

[1] Plaintiff originally sued both the Aurora Police Department and Defendant Shufelt. However, Plaintiff concedes that the Aurora Police Department is not a suable entity. (Dkt. 51 at note 1)

Shufelt placed a GPS tracking devise on Leflore's fiancé's car without a warrant. (Dkt. 12 at 4-5) Tracking from the GPS device showed that Leflore's car was parked near a gas station that was held up. *People v. Leflore,* 2015 IL 116799, 392 Ill. Dec. 467, 468 (2015). Officer Shufelt then came to Leflore's apartment without a warrant and detained Plaintiff while searching his apartment for evidence of earlier robberies. (Dkt. 12 at 4-5) Officer Shufelt later arrested Plaintiff. (*Id.*) Plaintiff alleges that as a result of the arrest, he suffered bruises and scars. (*Id.*)

Plaintiff was eventually charged with aggravated robbery, robbery and burglary in the circuit court of Kane County. *People v. Leflore,* 2015 IL 116799, 392 Ill. Dec. 467, 468 (2015). Leflore "filed a motion to quash his arrest and suppress evidence, arguing that it was solely through information received through the GPS tracking device that [Leflore] became a suspect in the robbery and therefore all the evidence against him should be suppressed." *Id.* The trial court denied Leflore's motion, finding that the use of the GPS device did not constitute a search under either the federal or state constitutions. *Id.* Leflore represented himself at his trial, and the jury found him guilty of all charges. *Id.* at 470. The trial court sentenced Leflore to 20 years in prison. *Id.*

On appeal, Leflore argued that the trial court erred in denying his motion to quash his arrest and suppress evidence, and that the court erroneously allowed him to waive counsel without properly admonishing him under Illinois Supreme Court Rule 401(a). *Id.* While the case was pending on appeal, the Supreme Court decided two cases. First, in *United States v. Jones,* 565 U.S. 400, 132 S. Ct. 945 (2012), the

2

Supreme Court held that attaching a GPS device to a car, and the subsequent use of that device to monitor a vehicle's movements, constitutes a search under the Fourth Amendment. The Supreme Court also decided *Davis v. United States*, 564 U.S. 229, 131 S. Ct. 2419 (2011), which held that the exclusionary rule does not apply "when the police conduct a search in objectively reasonable reliance on binding judicial precedent." 564 U.S. at 239.

Leflore's case eventually made its way to the Illinois Supreme Court. *People v. Leflore,* 2015 IL 116799, 392 Ill. Dec. 467, 468 (2015). The Illinois Supreme Court held that the good faith exception to the exclusionary rule applied because "it was objectively reasonable for the police to rely on [prior decisions] for the conclusion that warrantless installation and monitoring of the GPS device was legal."[2] *Id*. at 476. The Illinois Supreme Court emphasized that it was "reasonable for Detective Shufelt to rely upon the legal principles set forth by the Supreme Court." *Id*. However, the Illinois Supreme Court remanded the case to the Circuit Court of Kane County based on the Rule 401 issue.[3]

On March 28, 2016, Leflore entered into a plea agreement.[4] He was sentenced to 10 years and 3 months, but with credit for his incarceration he effectively received a time-served deal. (Dkt. 52 at 6) Although Plaintiff's plea agreement stipulates that

---

[2] Officer Shufelt placed the GPS device on the car in 2009, several years before *United States v. Jones* was decided in 2012. 565 U.S. 400, 132 S. Ct. 945 (2012).
[3] In remanding, the Illinois Supreme Court stated that a new suppression hearing was not warranted, given its conclusion that the good faith exception to the exclusionary rule applied. *People v. Leflore,* 2015 IL 116799, 392 Ill. Dec. 467, 468 (2015).
[4] Plaintiff was represented by counsel on remand and when he entered the plea agreement. (Dkt. 52, note 1)

3

his plea "was voluntarily arrived at," Plaintiff's Complaint alleges that he was "forced to take a plea deal in exchange for his freedom."[5] (Dkt. 49, Ex. 1; Dkt. 12 at 4)

On January 20, 2017, Plaintiff filed this lawsuit. Plaintiff brought this action under § 1983 for false arrest, excessive force, and unlawful search and seizure.[6] Defendant Shufelt moves to dismiss.

**LEGAL STANDARD**

A motion to dismiss tests the sufficiency of a complaint, not the merits of the case. *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir. 1990). "To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quotations and citation omitted); s*ee also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."). A court deciding a Rule 12(b)(6) motion accepts plaintiff's well-pleaded factual allegations as true and draws all permissible inferences in plaintiff's favor. *Fortres Grand Corp.,* 763 F.3d at 700.

---

[5] Plaintiff's brief states, "Leflore believed he had no choice but to take the plea deal to win his freedom," and that "[w]hile Leflore ultimately pleaded guilty, he has alleged that he was forced to do so under the circumstances because he was offered to be released for time served rather than face retrial." (Dkt. 51 at 3, 7).
[6] On Plaintiff's *pro se* complaint form, Plaintiff checked all boxes on the list of civil rights violated: unlawful arrest or seizure without probable cause; unlawful search without a warrant or probable cause; excessive force; failure to intervene to protect plaintiff's civil rights; failure to provide plaintiff with needed medical care; and conspiracy to violate plaintiff's civil rights. But Plaintiff only provided factual allegations for the first three—unlawful arrest, unlawful search and seizure, and excessive force. As such, the Court proceeds as if those are the only claims brought.

4

A plaintiff need not plead "detailed factual allegations", but "still must provide more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action for her complaint to be considered adequate under Federal Rule of Civil Procedure 8." *Bell v. City of Chi.*, 835 F.3d 736, 738 (7th Cir. 2016) (citation and internal quotation marks omitted). Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558, 127 S. Ct. 1955, 1966 (2007); s*ee also Ashcroft v. Iqbal,* 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009).

## **DISCUSSION**

Officer Shufelt moves to dismiss the excessive force claim under the statute of limitations, asserts a qualified immunity defense for Plaintiff's illegal search and seizure claim, and finally asserts that Plaintiff's illegal search claims are barred by *Heck v. Humphrey* and the principles of issue preclusion. 512 U.S. 477, 114 S. Ct. 2364 (1994). Defendant is not moving to dismiss the false arrest claim at this time, but reserves the right to do so in the future.[7] Plaintiff responds that Defendant conceded that the statute of limitations does not apply, that the defense of qualified immunity is not appropriate at the motion to dismiss stage, and that it would be "unfair" to bar Leflore's claims under *Heck*[8] and issue preclusion. (Dkt. 51 at 7) Because the statute

---

[7] Defendant's motion to dismiss states that under *Manuel v. City of Joliet*, 903 F.3d 667, 670 (7th Cir. 2018), a Fourth Amendment claim relating to false arrest and wrongful pre-trail detention accrues on the date the detention ends. (Dkt. 49 at 4) Because the beginning and end dates of Plaintiff's detention do not appear on the face of the Complaint, Defendant does not seek dismissal of the false arrest claim at this time, but reserves the right to do so once those dates become apparent. (*Id.*)

[8] Plaintiff's argument relies heavily on the fact that Leflore felt "forced" to take a plea deal in exchange for his freedom. Plaintiff argues that it "[i]t would be unfair under these

5

of limitations issue is dispositive, the Court only addresses that issue and declines to address the parties' remaining arguments.

Defendant Shufelt seeks dismissal of Plaintiff's excessive force claim pursuant to Rule 12(b)(6), arguing that Plaintiff's claim is time barred as a matter of law. The Seventh Circuit has been clear in its assessment of limitations periods: "[O]n the subject of the statute of limitations...[w]hat a complaint must plead is enough to show that the claim for relief is plausible. Complaints need not anticipate defenses and attempt to defeat them. The period of limitations is an affirmative defense... We have held many times that, because complaints need not anticipate defenses, Rule 12(b)(6) is not designed for motions under Rule 8(c)(1)." *Richards v. Mitcheff*, 696 F.3d 635, 637-38 (7th Cir. 2012) (internal citations omitted); *see also United States Gypsum Co. v. Indiana Gas Co.*, 350 F.3d 623 (7th Cir. 2003); *United States v. Northern Trust Co.*, 372 F.3d 886 (7th Cir 2004). In *Richards*, the Court concluded by reminding judges to "respect the norm that complaints need not anticipate or meet potential affirmative defenses." *Richards*, 696 F.3d at 638.

Despite these admonitions, the Seventh Circuit has also consistently reaffirmed that a plaintiff may plead himself out of court by alleging facts that are sufficient to establish a statute-of-limitations defense. *See Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 675 (7th Cir. 2009) (dismissal appropriate where it is "clear from the face of the amended complaint that it [was] hopelessly timebarred"); *Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 847 (7th Cir. 2008)

---

circumstances to say by winning his freedom, Leflore now must give up his right to sue." (Id. at 7-8)

6

(stating that "[a] statute of limitations defense, while not normally part of a motion under Rule 12(b)(6), is appropriate where the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defenses, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations") (internal quotations omitted); *U.S. Gypsum Co. v. Ind. Gas Co., Inc.*, 350 F.3d 623, 626 (7th Cir. 2003) ("A litigant may plead itself out of court by alleging (and thus admitting) the ingredients of a defense"); *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004) ("Only when the plaintiff pleads itself out of court—that is, admits all the ingredients of an impenetrable defense—may a complaint that otherwise states a claim be dismissed under Rule 12(b)(6)"). In the present case, Plaintiff has pled facts necessary to raise a statute of limitations inquiry, leaving the Court to consider whether Plaintiff's claims are time barred.

Section 1983 does not contain an express statute of limitations. In order to determine the proper statute of limitations for § 1983 actions, a federal court must adopt the forum state's statute of limitations for personal injury claims. *Owens v. Okure*, 488 U.S. 235, 240-41, 249-50, 109 S. Ct. 573, 102 L. Ed. 2d 594 (1989) (quoting and clarifying *Wilson v. Garcia*, 471 U.S. 261, 280, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985)). In Illinois, the limitations period for § 1983 actions is two years. 735 ILCS 5/13-202; *Jenkins v. Vill. of Maywood*, 506 F.3d 622, 623 (7th Cir. 2007). Plaintiff's excessive force claim accrued on the date of Plaintiff's arrest—April 23, 2009. *People v. Leflore,* 2015 IL 116799, 392 Ill. Dec. 467 (2015); *see Neita v. City of Chi.*, 830 F.3d 494, 498 (7th Cir. 2016) (explaining that "a Fourth Amendment claim accrues at the

7

time of the search or seizure"); *Evans v. Pokson*, 603 F.3d 362, 363 (7th Cir. 2010) (noting that "a claim asserting that a search or seizure violated the fourth amendment—and excessive force during an arrest is such a claim—accrues immediately") (citation omitted). Plaintiff brought this action on January 20, 2017, almost eight years after the arrest in which Defendant allegedly used excessive force. (Dkt. 1) Accordingly, the excessive force claim is time barred because Plaintiff did not bring this claim until over two years after it accrued.[9] Because the flaw in this claim cannot be cured by repleading, this dismissal is with prejudice. *See Haywood v. Massage Envy Franchising, LLC,* 887 F.3d 329, 335 (7th Cir. 2018); *Mulvania v. Sherriff of Rock Island Cnty.*, 850 F.3d 849, 855 (7th Cir. 2017).

Plaintiff's illegal search claim is also time barred. Like the excessive force claim, an illegal search claim "accrues immediately." *Neita,* 830F.3d at 498 (explaining that "a Fourth Amendment claim accrues at the time of the search or seizure"); *Evans*, 603 F.3d at 363. The search occurred and accrued around the same time as Plaintiff's arrest in April 2009. As mentioned above, Plaintiff did not file this lawsuit until January 20, 2017. (Dkt. 12 at 4); *People v. Leflore,* 2015 IL 116799, 392 Ill. Dec.

---

[9] Plaintiff's counsel suggests that "it may be possible that Leflore has facts which establish equitable tolling." (Dkt. 51 at 5). This case has been on file for almost three years. Plaintiff's counsel has been in this case for over a year and a half, and at no point has he amended the Complaint to provide the court with any facts relevant to equitable tolling. In fact, Plaintiff's counsel has not amended Plaintiff's Complaint at all. The suggestion that equitable tolling could be at play appears to be mere speculation or a last ditch effort to buy the Plaintiff some time. There are no facts that lead the Court to assume that the statute of limitations should be equitably tolled. Unfortunately, Plaintiff has pled himself out of court on this claim.

467, 468 (2015). This flaw cannot be cured by repleading and this dismissal is with prejudice. *See Haywood,* 887 F.3d at335; *Mulvania,* 850 F.3d at 855.

## **CONCLUSION**

In sum, Plaintiff's excessive force and illegal search claims are dismissed with prejudice. Defendant Shufelt's motion to dismiss [48] is granted. Plaintiff's false arrest claim remains.

E N T E R:

Dated: December 5, 2019

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge